Vol. 73]    JANUARY TERM, 1905.        223

Farmers & Merchants Irrigation Co. v. Gothenburg Water Power & Irrig. Co.

FARMERS & MERCHANTS IRRIGATION COMPANY, APPELLANT,
v. GOTHENBURG WATER POWER & IRRIGATION COM-
PANY, APPELLEE.

FILED FEBRUARY 9, 1905.    No. 13,277.

1. **Irrigation:** EXTENSION OF DITCHES. Before the enactment of the
general irrigation law of 1895, after an appropriation of water
to a beneficial use had been made, the appropriator had the right
under section 5, chapter 93a, Compiled Statutes, 1903, to extend
the ditch to places beyond where the first use was made.

2. **Application, Requisites of.** Said section 5, however, must now be
construed together with the provisions of the general irrigation
law of 1895, and persons or corporations claiming the right to
extend the ditch or change the place of use of water, in their
application to the board of irrigation for an adjudication of prior-
ity, or for a permit to change the place of use, must specify the
lands which the new use of the water is designed to irrigate.

APPEAL from the district court for Dawson county:
HOMER M. SULLIVAN, JUDGE. *Reversed with directions.*

*E. A. Cook,* for appellant.

*E. C. Calkins & H. V. Calkins, contra.*

LETTON, C.

This is an appeal from the district court for Dawson
county, Nebraska, from proceedings brought to determine
the priority of appropriation of the Gothenburg Water
Power & Irrigation Company to water from the Platte
river. The Gothenburg Water Power & Irrigation Com-
pany applied to the board of irrigation for an adjudication
of the priority of its claim to an appropriation of 200 cubic
feet of water a second from the Platte river in Lincoln
county, and the Farmers & Merchants Irrigation Com-
pany contested its right, taking the position that the Goth-
enburg Company has no right to use any of the water for
irrigation east of the village of Gothenburg, nor any right
to use water once applied for power purposes for irriga-

224 NEBRASKA REPORTS. [VOL. 73

Farmers & Merchants Irrigation Co. v. Gothenburg Water Power & Irrig. Co.

tion. A hearing was had before the secretary of the state board, and an appeal was taken to the board of irrigation, and from the decision of the board an appeal was taken to the district court for Dawson county.

It appears that in 1889 and 1890, under the former irrigation law, an irrigating canal was constructed from a point in Lincoln county to the vicinity of the village of Gothenburg, Dawson county, a distance of about ten miles, by the Gothenburg Canal Company, which was afterwards succeeded by the Gothenburg Water Power & Irrigation Company, hereinafter called the defendant. In the notice of appropriation it was set forth that the water was to be diverted for the purposes of irrigation and agriculture, for the manufacture of ice, and for the furnishing of power and also for other useful and beneficial purposes, including therein the right of storage thereof in basins, lakes or reservoirs; that the place or places of intended use thereof should be on and along the line of the canal hereinafter mentioned; that the means by which said water should be diverted shall be an open ditch or canal, commencing at the point aforesaid on the Platte river, and running and extending from there through Lincoln and Dawson counties in the state of Nebraska in a southeasterly direction for a distance of about ten miles to a point in or near the village of Gothenburg in said county of Dawson.

The canal company completed its ditch under this notice of appropriation and turned the water into a lake or reservoir near Gothenburg. The water was used for irrigation along the line of the canal, and for power purposes at Gothenburg, the waste water escaping from the flume flowing toward the south into the Patte river. On the 26th day of June, 1894, the Farmers & Merchants Irrigation Company, hereinafter named the plaintiff, made an appropriation of the waters of the Platte river, the point of diversion being south and east of the point where the waste water from the Gothenburg canal, after being used for power, escaped into the Platte river, and below that

point on the river. After this appropriation was made by the plaintiff, the defendant extended its ditch and laterals east from the lake with the capacity to irrigate 17,000 acres of land, and since said time has been using the water on this land in such a manner that none of it escapes into the Platte river above the point of diversion of the plaintiff's ditch, thereby depriving the plaintiff of the use of the waters which formerly flowed through the waste way into the river.

The contention of the plaintiff in substance is, that since the notice of appropriation made by the Gothenburg Canal Company specified that the place or places of intended use thereof should be on and along the line of the proposed canal, and since the length of the canal and the place of its termination are specifically mentioned, therefore, the defendant acquired no right to use the water beyond the specified terminus north of Gothenburg. That other persons examining the notice of appropriation had the right to govern themselves by the notice, and that no use of water outside or beyond the line of the canal therein specified is allowable to the defendant. On September 22, 1894, the Gothenburg Canal Company made an additional appropriation of 80,000 cubic inches of water, which appropriation was subsequent to that of the plaintiff. The plaintiff contends that the only right that the defendant now has to use water east of the Gothenburg lake is derived by virtue of this appropriation.

The defendant claims that under the law governing the use of water as applied in the states and territories wherein the law of appropriation prevails, it has the right to change the use of the water it had actually appropriated, from power purposes to irrigation purposes, if it so desire. That the use of the water for irrigation is as beneficial as the use of it for power. It further claims, that the question is settled in this state by reason of section 5, chapter 93a, Compiled Statutes, 1903 (Ann. St. 6751), which provides: "The person, company, or corporation entitled to the use may  *  *  *  extend the

18

ditch, flume, or aqueduct by which the diversion is made to places beyond that where the first use was made."

It will be observed that all the appropriations under which both parties claim were made before the irrigation law of 1895 took effect, and that their rights having become vested before the enactment of the same, its provisions are only applicable in so far as it determines priorities and in so far as it provides for the administration of water rights.

It appears from the evidence that previous to 1894 the Gothenburg Canal Company had actually constructed its canal and diverted from the river the full amount of 200 cubic feet of water per second; that this water was conveyed to a lake lying north of the town of Gothenburg; that the company constructed pen stocks at the lake and conveyed the water to water-wheels for the purpose of generating power for lighting and manufacturing purposes and that from thence the waste water escaped to the Platte river above the point of diversion from plaintiff's canal. In 1894 a great demand arising for water for irrigation, in May of that year, before plaintiff's appropriation was made, the defendant constructed small ditches lying eastward and southeastward from the lake, and after plaintiff's appropriation had been made, one of these ditches was enlarged and extended for nearly twenty miles. Although these ditches were extended so as to carry the water beyond the lake, still no greater amount of water was diverted from the Platte river than had originally been appropriated. This question has often arisen in other localities especially in relation to the use of water for mining purposes. It often occurs in placer mining that the deposits of gold at the point to which the water was first conveyed have become exhausted, and it becomes necessary for the owners of the ditches and flumes to change the place of use of the water to another point where the gravel has not been worked. It would indeed be a harsh rule to hold that after appropriating water and after conveying it, it may be for many

miles, and at a great expense, the appropriator should not be allowed to put it to a beneficial use at some other point than that to which it was first conveyed, if he can no longer make a useful application of it at the first loca-. tion. It has been the uniform rule to allow appropria- tors of water after it has been actually taken and applied to some beneficial purpose to change the place or charac- ter of its use. *Macris v. Bicknell,* 7 Cal. 262, 68 Am. Dec. 257; *Davis v. Gale,* 32 Cal. 26; *Woolman v. Garringer,* 1 Mont. 535; *Wimer v. Simmons,* 27 Ore. 1, 39 Pac. 6, 50 Am. St. Rep. 685. The appropriation having actually been made by the defendant, it acquired the right to use the water thus actually appropriated, either for the pur- pose for which it was first taken or for any other useful or beneficial purposes within the objects claimed in its notice of appropriation. There is no evidence that by reason of the extension of the defendant's ditch any greater amount of water than 200 cubic feet per second is diverted, and as long as the defendant takes no more water by reason of the longer ditches than it had taken previously, and actually applies it all to a beneficial use, the plaintiff cannot complain.

Aside from these considerations the statute, we think, settles this question. In our opinion the section quoted is merely declaratory of the law as it existed before its enactment. Unless the statute applies to this case it is of no force, for a plainer case for its operation could hardly exist.

Under the law existing in 1894 the defendant had the right to extend its ditch and change the use of the water so as to use it all for irrigation purposes instead of for power if it so desired, and therefore the holding of the board of irrigation and the district court that it had a prior right to the use of the whole 200 inches of water is correct. But since the irrigation law of 1895 has been enacted, under its provisions by which the water must be attached to the land, it is incumbent upon the defend- ant clearly to specify in its application the identical lands

upon which the water has been applied. The section of the statute allowing an extension of the ditch or a change of the place of use must be construed together with the provisions of the 1895 law, and while a prior appropriator may change the place of use of water which had already been appropriated, it can only do so under the permission and subject to the administrative control of the board of irrigation.

Since the decree of the district court does not definitely point out the lands to which the beneficial use of the water applies, we recommend that its decision as to priorities be approved, but that the cause be reversed and remanded, with directions to ascertain and set forth in the decree the specific lands to which the appropriation of the defendant attaches, and for such further proceedings as may be necessary to that end.

By the Court: For the reasons stated in the foregoing opinion, the decision of the district court as to priorities is approved, and the cause reversed and remanded, with directions to ascertain and set forth in the decree the specific lands to which the appropriation of the defendant attaches, and for such further proceedings as may be necessary to that end.

JUDGMENT ACCORDINGLY.